JAMES L. OGDEN and ISAAC C. OGDEN *v.* JEREMIAH W. BLY-DENBURGH.

An indorsement of a promissory note is a guaranty of the genuineness of the previous signatures, and of the capacity of the parties thereto to contract.

Therefore, in an action against the endorser of a promissory note, it is no defence to show that the payee and prior endorser was a married woman.

The capacity of a married woman to endorse paper made payable to her order, considered.

APPEAL by defendant from a judgment entered by direction of the court upon a trial without a jury. The facts sufficiently appear in the opinion of the court.

*J. W. Blydenburgh*, appellant, in person.

*John Moody*, for the respondents.

BRADY, J.—This action was brought to recover from the defendant, as the second endorser of a promissory note. The defendant offered to show that the payee and first endorser was a married woman. The presiding judge excluded the proof as wholly immaterial, and the defendant appealed. Whether it was material or not is the only question involved.

Prior to the statutes of 1848 and 1849, a bill made or indorsed to a *feme sole*, who afterwards married, could be endorsed only by the husband (3 Kent, 88 [3d edition] ; 1 Parson on Contracts, 212, and cases cited), and the same rule applied where the note was given to her, or made payable to her after coverture. Ibid. and Story on Contracts, p. 98, and cases cited; Comyn on Contracts, 787, New York ed. 1835. A note, therefore, endorsed by a married woman was void. Comyn, *supra.* The statutes of 1848 and 1849 may have changed the rule in relation to notes acquired *before marriage*, but have not as to notes made payable to the wife during coverture, in all cases, as we shall presently see.

Ogden v. Blydenburgh.

Those statutes apply to property acquired after marriage by gift, grant, or devise from any person other than the husband, but do not apply to anything acquired by services performed, or in the transaction of a separate business carried on by the wife, except where peculiar circumstances exist—that the husband had abandoned and deserted his wife, or was civilly dead, from conviction for crime, or the like. Such goods or property would be subject to the debts of her husband. *Lovett* v. *Robinson and Wilbeck, &c.,* 7 How. 105. Her credit and business talent belong to the husband. 7 How., *supra.* And those statutes have not removed the common-law disability of a married woman to make valid executory contracts, unless they relate to her separate property. *Cobine* v. *St. John, &c.,* 12 How. 335. But these conclusions are not applicable in an action like this, brought against a second endorser. Nothing is better settled in the law than that it is only necessary for the plaintiff to prove the indorsement required to convey title to himself, and that such indorsement is a guaranty of the genuineness of the previous signatures, and of the capacity of the parties to contract. 2 Greenleaf, 166, and cases cited; Chitty on Bills (8th ed.), 588; Story on Promissory Notes, p. 145, and cases cited.

The existence of any other rule would be attended with serious consequences, and would impose upon the commercial world obligations on the receipt of negotiable paper which would destroy its utility. There was no pretence that any other defence existed. The defendant admitted that he had no other evidence than that offered, and that was designed to show that the previous endorser, whose capacity to contract he guarantied, was a married woman. For these reasons the judgment cannot be disturbed.

Judgment affirmed.